NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0423n.06

No. 11-6409

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 29, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| DARRELL B. PATRICK, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MERRITT, CLAY, and DONALD, Circuit Judges.

**MERRITT, Circuit Judge.** In this direct appeal, we review the validity of defendant Darrell Patrick's plea of guilty to drug and firearm charges. Defendant requests withdrawal of his guilty plea and a remand to the district court because his plea was not knowing and voluntary. During the plea hearing, the magistrate judge did not state the mandatory minimum penalty that defendant faced for the firearm charge. Such an omission is a violation of the plain language of Federal Rule of Criminal Procedure 11(b)(1)(I), which states that "the court must inform the defendant of, and determine that the defendant understands," any mandatory-minimum sentence he faces. We hold that the failure to ensure that defendant understood that he faced a mandatory-minimum sentence of five years for the firearm charge affected his substantial rights and we vacate and remand to the district court.

**I. Facts**

The facts are straightforward and not in dispute. Six controlled buys of oxycodone were made from defendant at his residence in Magoffin County, Kentucky, between August and October 2009. Each buy involved between two and four pills. During the last buy, the buyer, who was an informant for the government, saw defendant retrieve the oxycodone pills from a gold-colored container. During a search of defendant's house the next day, the gold-colored container was found in a safe with six oxycodone tablets and 68 firearms. Defendant was indicted on charges of distributing, and possessing with intent to distribute, oxycodone, as well as two firearm charges. Defendant entered into a plea agreement where he pleaded guilty to one count of distribution in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). In exchange, the government dropped six of the nine charges. The firearm charge carried a mandatory minimum penalty of 60 months that must run consecutively to any other sentence. Added to the range of 10-16 months for the drug charges,[1] defendant's guideline range was 70-76 months. The sentencing judge varied downward on the drug charges and sentenced defendant to 60 months and one day. Defendant did not object to his guilty plea or sentence below and he timely appealed to this Court.

## II. Analysis

---

[1]Defendant received an offense level of 12 and a criminal history category of I.

Defendant challenges the voluntariness of his guilty plea to possessing firearms in furtherance of a drug trafficking crime. He contends that the magistrate judge who accepted his plea failed to comply with Federal Rule of Criminal Procedure 11(b)(1)(I)[2] by failing to properly advise defendant that he faced a mandatory-minimum sentence of five years on the firearm charge. The magistrate judge never correctly informed, nor made certain that defendant understood, that the firearm charge under 18 U.S.C. § 924(c) carried a mandatory-minimum five-year sentence that must run consecutively to any other term of imprisonment. After asking defendant several questions and informing defendant of the rights he was relinquishing by entering a plea, the magistrate judge said, " I want to review with you again just briefly the maximum penalties you face, sir, on a plea of guilty. And these are contained in your plea agreement at paragraph 4 on page 3. . . . On Count 9, which is a charge of possession of a firearm in furtherance of a drug trafficking crime, the *maximum* period of incarceration is not less than five years. And that is a period of imprisonment that's consecutive to any sentence imposed on Counts 1 and 7. Do you understand that as well sir?" The defendant answer, "Yeah." Rearraignment (Plea) Hearing at18-19 (emphasis added). The magistrate judge should have said

---

[2]Rule 11 Pleas

. . . .

(b) Considering and Accepting a Guilty or Nolo Contendere Plea

  (1) Advising and Questioning the Defendant. Before the court accepts a plea of guilty . . ., the defendant must be placed under oath and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

. . . .

    (I) any mandatory minimum penalty . . . .

that the *minimum* period of incarceration is not less than five years on the firearm charge. The error on the part of the magistrate judge was made because he read from the plea agreement itself, which is not a model of clarity. Rather than explicitly stating that the firearm charge carried a mandatory-minimum sentence of five years, the plea agreement states "the maximum statutory punishment for Count 9 is not less than 5 years nor more than Life imprisonment, consecutive to a term of imprisonment for Count 1 or Count 9." Plea Agreement at p.3, ¶ 4. This confusing language from the plea agreement became an outright error when the magistrate judge simply recited the first part of the sentence at the plea hearing without its ending, "The maximum period of incarceration is not less than five years."

Compounding this error, the magistrate judge went on to say just moments later, "These are the *maximum* penalties you face on each of these counts. Do you understand the maximum penalties, Mr. Patrick?" Rearraignment (Plea) Hearing Tr. at 19 (emphasis added). The magistrate judge then explained that the Guidelines would be used to "arrive at the correct sentence" and that the defendant's attorney would have the opportunity to argue for a more lenient sentence. The magistrate judge concluded this portion of the colloquy with defendant by saying, "I don't know what your sentencing range might be. But whatever that range is under the . . . Guidelines, the judge will have the discretion to sentence you within that range or based on appropriate factors above or below that range." *Id*. at 19-23. While this was all true as to the drug charges, the magistrate judge never told defendant that the sentencing judge would have no discretion to use the Guidelines and go below the mandatory minimum for the firearm charge.

In addition, defendant's own attorney may have mislead the defendant about the mandatory term of imprisonment he faced. Prior to sentencing, defense counsel filed a sentencing memorandum requesting that the court sentence defendant to "supervised probation." During the sentencing hearing, defense counsel requested "some kind of leniency" for defendant and he seemed to be requesting supervised release instead of incarceration. Sentencing Hearing Tr. at 7-9. During argument on behalf of his client, he told the court, "Some of the lawyers in the Western District say that their judges have granted below mandatory minimums." *Id.* at 9. Six days after sentencing, defendant wrote to the district judge requesting that he "reconsider" the 60-month sentence and place defendant on "home incarceration where I can work." Letter to District Court from Darrell Patrick. The statements by defendant's attorney at the sentencing hearing, combined with the filings by both defendant and his attorney, contribute to our view that defendant may not have understood that he faced a mandatory-minimum sentence of five years on the firearm charge.

The plain-error standard requires that defendant demonstrate that the Rule 11 violation affected his substantial rights. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). We recently reiterated that a "[f]ailure to ensure that the defendant understands the mandatory minimum may . . . render a plea not voluntary, and a plea that is not voluntary is undoubtedly an impairment of a defendant's substantial rights." *United States v. Martin*, 668 F.3d 787, 792 (6th Cir. 2012). Looking at the entire record, we cannot say that defendant's plea was voluntary. The confusing language in the plea agreement itself, the magistrate's judge's erroneous statement during the hearing, and the suggestion that defendant's attorney may not

5

have properly advised defendant that the district court lacked the discretion to sentence him below the five-year mandatory minimum based on his statements during the sentencing hearing about defendants in the Western District of Kentucky receiving sentences below the mandatory minimum, all lead us to conclude that defendant may not have understood the sentence he faced. When confronted with a Rule 11 error such as this one, the appropriate remedy is to vacate the plea and remand to the district court.

To affect defendant's substantial rights requires that defendant "show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). The strength of the government's case concerning the firearm charge is also a consideration here. To prove a violation under 18 U.S.C. § 924(c), the government must show that the defendant possessed the firearm to advance or promote the underlying offense. There is no evidence in the record before us that defendant was armed during any of the transactions where he sold oxycodone. The search warrant did not mention firearms. The guns were found in a safe with the gold-colored container that the informant had seen the previous day and from which defendant had retrieved oxycodone tablets. The proximity of the gold-colored container containing oxycodone to the guns was the basis for the firearm charges. There is evidence that defendant was a gun collector and that the guns in the safe were collector's items, not weapons that would be used in a street-level drug deal. While we do not opine on the strength or weakness of the firearm charge, the evidence of actual gun use by defendant in conjunction with a drug sale is not overwhelming on the record before us.

In sum, the record lacks sufficient indicia that defendant actually understood that he faced a mandatory-minimum sentence of five years as required by Federal Rule of Criminal Procedure 11(b)(1)(I), and the totality of the circumstances lead us to hold that defendant's substantial rights were affected.

## Conclusion

Because we cannot say that defendant understood that his plea of guilty would result in a mandatory-minimum sentence of five years, we remand to allow defendant to withdraw his plea.