**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0569n.06

No. 12-1039

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jun 11, 2013*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR THE |
| | ) EASTERN DISTRICT OF MICHIGAN |
| MICHAEL LAMAR CATHEY, | ) |
| | ) |
|     Defendant-Appellant. | ) |

Before:  MARTIN and COOK, Circuit Judges; GRAHAM, District Judge[*]

COOK, Circuit Judge.  Defendant-appellant Michael Cathey pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841 and 846. After denying Cathey's motion to withdraw his plea, the district court imposed a within-guidelines sentence of 102 months' imprisonment.  Cathey appeals, challenging the validity of his guilty plea, the denial of his motion to withdraw it, and the amount of heroin that the district court attributed to him.  Citing the appellate-waiver provision in Cathey's plea agreement, the government moves to dismiss the appeal, and a motions panel of this court referred the motion for consideration with the merits issues.  Having completed our review, we now GRANT the government's motion and DISMISS this appeal.

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

I.

As part of an ongoing drug investigation, Drug Enforcement Agency (DEA) agents executed a warrant to search the home of Kimberly Springfield, Cathey's girlfriend, seizing 755 grams of heroin from her basement. Soon after, they arrested Cathey, and the government charged him with conspiracy to possess with intent to distribute a controlled substance—heroin and marijuana. Cathey agreed to plead guilty, and his plea agreement calculated a guidelines range of 97–121 months' imprisonment.

At his plea hearing, Cathey explained his role in distributing marijuana but, due to what his attorney characterized as the more "circumstantial" nature of the government's heroin evidence against him, refused to admit to heroin activities. The court noted that Cathey's acknowledged marijuana involvement satisfied the elements of the charged crime. The government, however, refused to agree to any plea unless Cathey first acknowledged the heroin aspect. In the absence of an agreement, the court adjourned the hearing.

Three days later at the reconvened hearing, Cathey explained that he provided a co-defendant with $275,000 to purchase marijuana, prompting the court to engage in an extensive colloquy with Cathey to ensure that he understood that, regardless of his unwillingness to admit to heroin as part of his guilty plea, the court would make the heroin-determination at sentencing. After Cathey confirmed this understanding, the government offered no objection, and the court accepted Cathey's plea.

At his sentencing hearing six months later, Cathey appeared with a new lawyer and told the court that he wished to withdraw his plea (R. 279, July 19, 2011 Sent'g Tr. at 16:7–8), explaining that he "didn't understand what [his former lawyer] was telling [him] to do" (*id.* at 17:24–25). The court allowed Cathey an extension to file a proper motion-to-withdraw-plea, but ultimately denied withdrawal (R. 295, Order Denying Def.'s Mot. Withdraw). At the sentencing hearing several months later, the court attributed the 755 grams of heroin to Cathey and sentenced him to 102 months' imprisonment. Cathey timely appealed.

## II.

### A. Appellate Waiver

Our cases recognize that a defendant "may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (citation omitted). If the defendant knowingly and voluntarily enters into a plea agreement containing a waiver of appellate rights, we enforce the waiver according to its terms. *E.g.*, *United States v. Toth*, 668 F.3d 374, 377–78 (6th Cir. 2012). Cathey challenges the validity of the waiver in his plea agreement because, he says, the agreement itself was not knowingly and voluntarily entered. That is, he contends that because the court failed to inform him, he did not know "the consequence of allowing the district court to determine whether heroin was involved" (Appellant Br. at 22) and "the impact of heroin on [his] guideline range" (*See* Appellant Resp. Mot. Dismiss Appeal at 5).

Cathey failed to present this missing-explanation argument to the district court, thus limiting our review to plain error. *United States v. Maye*, 582 F.3d 622, 627 (6th Cir. 2009); *see also Johnson v. United States*, 520 U.S. 461, 467 (1997). As applied to appeals challenging the knowing and voluntary nature of a plea, plain error review places the "burden . . . on the defendant to show that but for the error, he would not have pleaded guilty." *United States v. Martin*, 668 F.3d 787, 791 (6th Cir. 2012). Cathey fails to do so.

Cathey's plea-hearing testimony belies his claim that he lacked understanding of the ramifications of the court determining that he possessed heroin. The government read Cathey the terms of his plea agreement as follows: "Mr. Michael Lamar Cathey is pleading guilty to Count One, which is a charge of conspiracy with intent to distribute *marijuana and heroin*. The agreed guidelines as calculated based on information provided by the parties is 97–121 months." (R. 277, Plea Hr'g Tr. at 35:8–15 (emphasis added).) The court then asked, "Mr. Cathey, you've . . . heard the recitation of your plea agreement by the government and the discussion that I've had with the prosecutor. . . . Is that the plea agreement as you understand it[?]" Cathey affirmed, "Yes, Your Honor." (*Id.* at 38:4–8, :11.) The court went on, "Are you . . . pleading guilty because you are, in fact, guilty of these crimes?" (*Id.* at 40:12–13.) Cathey responded, "Yes, Your Honor." (*Id.* at 40:15.)

In the ensuing explanation, Cathey admitted marijuana involvement but denied heroin (*id.* at 54:17–55:2), leading the court to adjourn the hearing. At the reconvened hearing, the court

reminded Cathey that "the charge has not changed for you" (R. 278, Continued Plea Hr'g Tr. at 20:6–8), and advised him that they would discuss "the same plea agreement we went through the other day" (*id.* at 20:11–12). The plea agreement's terms notified Cathey of the applicable sentencing range if the court attributed the heroin to him, since attached Worksheet A calculated his offense level using "at least 700 grams but less than 1 kilo of *heroin*" and "takes into account the marijuana, which is 3.5 kg." (R. 152, Cathey Plea Agreement at 11 (emphasis added).)

The judge confirmed, "[A]t the sentencing hearing, I will have to make a determination as to whether you were involved with the heroin part of the conspiracy," and asked Cathey, "Do you understand that?" (R. 278, Continued Plea Hr'g Tr. at 23:9–12.) Cathey answered, "Yes, Your Honor." (*Id.* at 23:13.) The court went on: "And you've had an opportunity to discuss that with [your attorney]; is that right?" (*Id.* at 23:14–15.) Cathey responded, "Correct." (*Id.* at 23:16.) When Cathey again agreed to allow the court to determine his heroin involvement at sentencing, the court accepted his plea. (*See id.* at 23:17–20.)

Cathey suffered no harm from the court determining his heroin involvement at sentencing, and he does not suggest otherwise. Quite the opposite, he had everything to gain because the court's findings at sentencing could not (and did not) increase his sentencing range; the plea agreement already attributed *all* of the heroin to him. And Cathey had ample notice of the sentencing range he faced if the court attributed 755 grams of heroin to him; that is the quantity used in the agreement's sentencing-range calculation. *Cf. Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991)

(granting conditional habeas relief where the court advised the defendant of a maximum 15-year term, instead of the actual 30–75-year range).

Though Cathey alleges a "disparity of sentence" between a marijuana sentence and one that concerned heroin trafficking, he never argues what his marijuana-only guidelines range *would* have been.[1] And despite directing his missing-explanation argument at the disparity between a marijuana-only sentencing range and the heroin-based sentencing range, Cathey offers no evidence that the government would have accepted a marijuana-only plea. Cathey grounds his entire claim on a sentencing range that he neither bargained for nor had promised to him.

Cathey fails to demonstrate that but for the alleged error, he would not have pleaded guilty. *See Martin*, 668 F.3d at 791. We therefore reject this challenge to the validity of his plea and enforce its terms.

B. Remaining Claims

Having determined to uphold Cathey's plea as knowing and voluntary, we enforce the plea agreement's provision that waives appeal rights. That provision bars appeal so long as "the sentence

---

[1]In seeking to withdraw his plea, Cathey suggested that possessing 3.5 kilograms of marijuana yielded only a 0–6 month guidelines range. (R. 282, Mot. Withdraw Plea at 6.) That calculation, however, avoided the conspiracy-based nature of his charge and omitted relevant conduct—giving $275,000 to a co-defendant to purchase more marijuana. Nor did Cathey present this argument to contest the knowing and voluntary nature of his plea; he offered it instead to support an ineffective-assistance-of-counsel claim. (*Id.*) Regardless, he abandons this argument on appeal, and we need not resolve it.

imposed does not exceed the [stipulated sentencing range]," and expressly "waive[s] any right [Cathey] has to appeal his conviction or sentence." (R. 152, Cathey Plea Agreement at 7.) Because Cathey received a sentence within the stipulated sentencing range, his plea agreement's appellate waiver bars his motion-to-withdraw appeal, *Toth*, 668 F.3d at 378–79, his challenge to the attributed amount of heroin, and the various arguments included in his pro se supplemental brief.

## III.

Because Cathey entered a knowing and voluntary plea, and the plea included a waiver of his appellate rights, we GRANT the government's motion and DISMISS this appeal.