NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0324n.06

Nos. 19-3193/3197

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

    v.

PHILLIP WATKINS,

  Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jun 05, 2020
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

BEFORE: MOORE, SUTTON, and GRIFFIN, Circuit Judges.

  GRIFFIN, Circuit Judge.

  Defendant Phillip Watkins pleaded guilty to conspiring to possess and distribute heroin laced with other controlled substances which resulted in serious bodily injury and to witness tampering. The district court sentenced him to serve three hundred months in prison. Defendant appeals the district court's denial of his motions to withdraw his guilty plea and for an evidentiary hearing. We affirm.

I.

  It is well-established that "[a] defendant has no right to withdraw his guilty plea." *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012). Instead, he must demonstrate a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "[T]he aim of th[is] rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to

allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (per curiam) (citation omitted). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Benton*, 639 F.3d 723, 726–27 (6th Cir. 2011).

Whether a defendant satisfies the "fair and just reason" standard depends upon the totality of the circumstances, which we evaluate using the following seven factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded by guidelines amendment on other grounds*, U.S.S.G. § 3B1.1. "The factors are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) (per curiam). "The relevance of each factor will vary according to the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008) (citation and internal quotation marks omitted). The district court concluded none of the *Bashara* factors weighed in defendant's favor and denied his motion. We find no abuse of discretion in this ruling.

*Time between the plea and the motion to withdraw.* Defendant pleaded guilty on September 7, 2017. Ninety-eight days later, on December 14, 2017, he filed a pro se letter requesting to withdraw his plea. And following the withdrawal of counsel and a competency hearing, his new counsel renewed that motion. Giving Watkins the benefit of the first-filed motion,

this factor is of no help to him. *See Martin*, 668 F.3d at 795 (collecting cases where we have "found shorter periods"—seventy-seven, sixty-seven, and thirty-six days—"to be excessive").

*Reason for the delay*. Watkins claims he delayed filing his motion because he was waiting to consult with counsel (whom he criticizes for providing inadequate representation). The district court found this excuse unpersuasive, noting several instances where defendant communicated directly with the court during the same time period, finding curious the October 12, 2017 drafting date (the same date the presentence report was forwarded to his counsel), and commenting that if his complaints about counsel were true, a delay to communicate with that same counsel "makes no sense." This reasoning is well-supported.

*Assertion or maintenance of innocence*. "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (citation omitted). Here, Watkins admitted that he sold controlled substances that resulted in a drug overdose and that he subsequently planned and attempted to murder that victim after discovering she was going to testify against him. To be sure, Watkins presented technical challenges to his indictment before he pleaded guilty and generically expressed in his motions to withdraw that the allegations were "untrue and exaggerated." But upon review of the record, we conclude that these assertions fall well short of "vigorous and repeated protestations of innocence" our caselaw requires to support a motion to withdraw a guilty plea. *United States v. Baez*, 87 F.3d 805, 809 (6th Cir. 1996).

*Circumstances underlying the plea*. Watkins maintains that the stresses associated with being in solitary confinement while awaiting trial "force[d him] to take a plea [he] did not want to take." He asserts he pleaded guilty so that he could be released from solitary confinement because

that is what his attorney purportedly told him. And he claims his isolation limited his communications with his attorneys and his ability to defend his case. Yet his statements to the district court reflect the opposite. The district court asked whether "anyone made any promise or assurance that is not in the plea agreement to persuade you to accept this agreement." Watkins responded in the negative. He acknowledged he was fully satisfied with his counsel's representation and that he was pleading guilty on his own free will, as well as denied that he was being forced to do so. Absent extraordinary circumstances, when the Rule 11 procedures are "fully adequate," we hold a defendant pleading guilty to the statements he makes at his plea hearing. *See, e.g., Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). The district court found no reason to set aside Watkins' statements under oath, and we agree.[1]

*Defendant's nature and background.* This factor weighs against Watkins too. He completed the twelfth grade, demonstrated in his pro se filings that "he is a very capable reader and writer," and presented to the district court as "lucid, competent[,] and attentive." Further, we note that the district court ordered a competency exam post-motion to withdraw, but that exam concluded defendant at that later time "possesses a rational and factual understanding of the proceedings against him, has the capacity to assist legal counsel in his defense, and can adequately make decisions regarding his legal strategy." We agree with the district court that these facts do not support defendant's motion to withdraw his plea; instead, they "strongly suggest[] that there is nothing in his nature and background that would prevent him from understanding to what he was pleading." *Martin*, 668 F.3d at 796–97.

---

[1]To the extent Watkins suggests the district court erred in finding him competent to plead guilty, he has forfeited our consideration of this issue because he did not include it in his statement of issues. *United States v. Calvetti*, 836 F.3d 654, 664 (6th Cir. 2016).

*Defendant's prior experience with the criminal justice system*. Below, "[t]he parties agree[d] that Watkins has significant prior contacts with the criminal justice system, including a prior felony drug trafficking conviction." Given this, and his proven ability to communicate pro se, the district court concluded Watkins "demonstrate[d] a relatively high level of sophistication regarding the judicial system," which weighed against permitting withdrawal. Watkins does not contest this factor.

*Potential prejudice to the government*. Finally, because Watkins failed to establish any fair and just reason to withdraw his guilty plea, the government need not establish prejudice. *Ellis*, 470 F.3d at 285–86. And even if it did, we are confident in the district court's conclusion that this factor also weighed against Watkins because "[t]here is an extremely high risk that necessary witnesses may no longer be available now that [four] years have passed since the criminal activities occurred. In addition, memories fade, and Watkins has already admitted to attempting to influence a witness' availability."

For these reasons, the district court did not abuse its discretion when it denied Watkins' motion to withdraw his guilty plea.

## II.

After the district court denied defendant's motion to withdraw, he moved for reconsideration. Included in his motion was a perfunctory and unsupported request for an evidentiary hearing. The district court summarily denied it. Whether to conduct an evidentiary hearing to evaluate the merits of a motion to withdraw falls within "the wide discretion of the district court, which we review for abuse of discretion." *United States v. Woods*, 554 F.3d 611, 613 (6th Cir. 2009).

In challenging that denial on appeal, Watkins raises new grounds for why the district court should have held an evidentiary hearing (relating in large part to the tribulations of solitary confinement). But having failed to present these to the district court, we see no reason to condone his attempt to raise a "better case fashioned after a district court's unfavorable order." *Estate of Barney v. PNC Bank*, 714 F.3d 920, 925 (6th Cir. 2013). Moreover, it is unmeritorious; the district court did not abuse its discretion by denying defendant's unsupported and belated request for an evidentiary hearing.

III.

For these reasons, the district court did not abuse its discretion when it denied defendant's motions to withdraw his guilty plea and for an evidentiary hearing.