NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0209n.06

No. 24-3721

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Apr 18, 2025

KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DEMETRIUS TROUTMAN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

OPINION

---

BEFORE: CLAY, GIBBONS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Demetrius Troutman pleaded guilty to drug and firearm crimes, and the district court imposed a fifteen-year prison sentence. He initially appealed the district court's denial of his attorney's motion to withdraw as counsel and his second motion to withdraw his guilty plea. We concluded the district court did not sufficiently develop the record for us to adequately review those determinations, so we issued a limited remand for the district court to reconsider defendant's motions anew. *See United States v. Troutman*, 2023 WL 8283115, at \*5 (6th Cir. Nov. 30, 2023). On remand, the district court again denied relief. We affirm.

I.

Our prior opinion sets forth the applicable facts, and we incorporate them here. *See id.* at \*1–2. In short, defendant pleaded guilty to charges of conspiracy to possess fentanyl with the intent to distribute and possession of a firearm in furtherance of drug trafficking. Several months later, he moved to withdraw his guilty plea as to the firearm count because his co-conspirator was

not so similarly charged. He also separately moved pro se to "fire" his counsel, triggering a corresponding motion to withdraw from his attorney, Andrew Sanderson. After the district court denied both motions, defendant continued to raise his dissatisfaction with counsel, and Sanderson filed another motion to withdraw defendant's guilty plea. The district court again declined. Following our limited remand, the district court revisited its conclusions on its denial of Sanderson's motion to withdraw as counsel and his second motion to withdraw his guilty plea and came to the same conclusions. Troutman again appeals the denial of both motions.

## II.

We briefly address defendant's appeal concerning Sanderson's motion to withdraw as counsel. Following remand, Sanderson joined the local prosecutor's office, and the district court appointed a new attorney in Sanderson's place. So, the district court found the withdrawal motion moot, but nonetheless addressed its merits. Troutman does not take issue with the district court's mootness holding, rendering the issue forfeited. *See, e.g.*, *City of Taylor Gen. Emps. Ret. Sys. v. Astec Indus., Inc.*, 29 F.4th 802, 815 (6th Cir. 2022).

## III.

"A defendant has no right to withdraw his guilty plea." *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012). Instead, he must show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "[T]he aim of th[is] rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (per curiam) (citation omitted). We review a district court's denial of a motion to

withdraw a guilty plea for an abuse of discretion. *United States v. Benton*, 639 F.3d 723, 726–27 (6th Cir. 2011).

Whether a defendant satisfies the "fair and just reason" standard turns on the totality of the circumstances, which we evaluate using the following seven factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded on other grounds by Guidelines amendment as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000). "The factors listed are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) (per curiam). "The relevance of each factor will vary according to the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008) (internal quotation marks omitted).

Troutman's second motion to withdraw his guilty plea challenged his guilty pleas to both counts, asserting for the first time his innocence and that he pleaded guilty only because the prosecutor threatened him with another drug-trafficking indictment if he did not plead guilty. The district court determined that none of the *Bashara* factors weighed in defendant's favor. The motion, concluded the district court: (1) was untimely, having been filed over 270 days after pleading guilty; (2) did not adequately explain why Troutman waited so long to move to withdraw his plea; (3) was inconsistent with his prior admissions of guilt; and (4) did not set forth concerning circumstances about his plea's entry. Moreover, Troutman's (5) background and (6) extensive

experience with the criminal justice system also did not favor granting the motion to withdraw the guilty plea. With these findings, the district court held that Troutman did not establish a fair and just reason for withdrawal. But the court alternatively held that even if he did so, the significant delay that would follow from withdrawal—over four years from the predicate events—would significantly prejudice the government's prosecution and strain judicial resources. We discern no error, let alone an abuse of discretion, in this conclusion.

Troutman asserts that we should find his motion timely because he "did not realize" his mistake until he received the presentence report and learned that only he (and not his co-conspirator) would be charged for firearm possession. But he does not explain why he waited several months to move to withdraw after receiving the presentence report, and regardless, the indictment makes plain that fact. His belated and unexplained motion weighs against withdrawal. *See Benton*, 639 F.3d at 727.

Troutman next contends—again without record support—that he maintained his innocence. But he pleaded otherwise, and his brief on appeal makes clear that he is now concerned "not with the adjudication of guilt" but "with the length of the sentence" in comparison to his co-conspirator's. *Martin*, 668 F.3d at 796.

The remaining factors also merit little discussion, especially considering the conclusory nature of his brief. He complains that he pleaded guilty without the benefit of a plea agreement, that he had a traumatic childhood, and that withdrawal would not prejudice the government, but he concedes his significant experience with the criminal justice system weighed against him. There is, however, no right to a plea bargain, *see Weatherford v. Bursey*, 429 U.S. 545, 561 (1997), and his arguments on appeal give us no pause concerning the district court's consideration (and

rejection) of the plea's entry and defendant's circumstances, not to mention its extensive discussion of the prejudice to the government.

For these reasons, the district court did not abuse its discretion in denying the second motion to withdraw Troutman's guilty plea.

IV.

We affirm the district court's judgment.