NOT RECOMMENDED FOR PUBLICATION

File Name: 15a0549n.06

No. 14-5664

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 04, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| Plaintiff - Appellee, | ) THE EASTERN DISTRICT OF |
| | ) TENNESSEE |
| V. | ) |
| | ) |
| JERMETRIUS L. TURNER, | ) OPINION |
| | ) |
| Defendant - Appellant. | ) |
| | ) |
| | ) |

Before:  MOORE and SUHRHEINRICH, Circuit Judges; VAN TATENHOVE, District
        Judge.[*]

    **GREGORY F. VAN TATENHOVE, District Judge.**  Defendant Jermetrius Turner has

had a difficult time coming to terms with his guilty plea.  Since pleading guilty he has sought, on

three separate occasions, to withdraw it.  He now appeals the district court's order denying that

request.  For the reasons stated herein, the district court is AFFIRMED.

**I**

    On January 17, 2012, two weeks before trial was scheduled to begin, Turner moved *pro

se* for new counsel.  At a hearing on the motion, Turner explained that "nobody's going to fight

harder than me for myself."  Finding that Turner had "not shown good cause that a conflict of

interest, a complete breakdown in communication, or an irreconcilable conflict sufficient to

---

[*] The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

warrant substitution of counsel exist[ed]," the Magistrate denied his request. On January 20, Turner signed a plea agreement with the United States and, only a few days later, entered a binding plea agreement with the district court. Pursuant to that agreement, Turner pled guilty to Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2, and also to knowingly possessing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. In exchange for admitting guilt, the United States agreed to dismiss the remaining two counts pending against him. The parties presented the court with an agreed sentence of 240 months imprisonment, followed by five years of supervised release. As is the case with a binding plea, Turner retained the right to withdraw his plea if the court declined to impose that sentence. The plea agreement also contained a waiver of Turner's appeal rights.[1]

After the Assistant United States Attorney summarized the crimes to which Turner pled, the district court entered into the following colloquy:

> THE COURT: Thank you, Ms. Davidson. Mr. Turner, did you hear the Assistant United States Attorney as she related what the Government says that you did in your case?
>
> MR. TURNER: Uh-huh. I mean, yes, sir.
>
> THE COURT: Do you agree that that's what you did?
>
> MR. TURNER: No.
>
> THE COURT: Okay. What do you disagree with?
>
> MR. TURNER: Some facts in there. But don't matter so continue, please.
>
> THE COURT: Okay. Do you agree that you attempted to rob the individuals named in the indictment?

---

[1] As stated in his plea agreement and explained to him at his hearing, Turner gave up his rights to appeal by way of pleading guilty. The Government explains in its briefing that it would ordinarily move to dismiss the appeal, but because Turner's allegations implicate the validity of the plea itself, it has elected to address his claims on the merits.

MR. TURNER: Knowingly or did I?

THE COURT: Did you?

MR. TURNER: Yes, sir.

THE COURT: Okay. And do you agree that you had a weapon during the course of that crime?

MR. TURNER: Yes, sir.

THE COURT: Very well, then. In regard to Count Three of the indictment, charging a violation of 18 United States Code Sections 1951 and 2, how do you plead, guilty or not guilty?

MR. TURNER: Guilty.

THE COURT: And in regard to Count Four of the indictment, that is, using a firearm during a crime of violence, in violation of 18 United States Code Sections 924(c)(1)(A) and 2, how do you plead, guilty or not guilty?

MR. TURNER: Guilty.

THE COURT: Do you understand what you're pleading guilty to, Mr. Turner?

MR. TURNER: Yes, sir.

THE COURT: Are you pleading guilty because you are, in fact, guilty?

MR. TURNER: Yes, sir.

After satisfying itself that Turner's plea was both knowing and voluntary, the court accepted his plea of guilty and took his plea agreement under advisement, pending the completion of the presentence investigation report.

Nearly five months later, on May 16, 2012, Turner again moved *pro se* for new counsel, alleging that his attorney had been ineffective in representing his interests. Defense counsel subsequently moved to withdraw, agreeing that there had been an irreparable breakdown in communication. A few days later, and before new counsel had been appointed, Turner moved

*pro se* to withdraw his guilty plea, alleging that he was "misinformed about the elements of the agreement" and that his attorney had "co[e]r[c]ed and scarred [*sic*]" him into pleading guilty.

On May 31, the court granted Turner's first attorney's motion to withdraw and appointed new counsel. Turner's new counsel advised that he would consult with Turner about how to proceed with regard to the pending motion to withdraw his plea. Apparently experiencing a change of heart, on August 14, Turner, through counsel, moved to withdraw his motion to withdraw his guilty plea and provided the court with an affidavit in support of his request:

> I have received a full and complete explanation of the charges against me, the consequences of the plea agreement, and I understand the plea agreement . . . will require that I be sentenced to exactly 240 months if accepted by the Court.
>
> I have fully discussed my options with my appointed counsel and I fully understand my options.
>
> I am satisfied with the explanation of the charges against me, the words contained in the Indictment, the contents of the plea agreement, the factual basis, the appeal waiver, the nature of the 11(c)(1)(C) plea agreement, and that once I sign this Affidavit and it is filed that I will no longer be able to request to withdraw my plea agreement.
>
> I wish to withdraw my previously filed Motion to Withdraw Guilty Plea… [and] I have and continue to accept the January 20, 2012 plea agreement previously entered into… and filed with the Court….

In accordance with his wishes, Turner was permitted to withdraw his motion.

Nine months later, at his sentencing, Turner renewed his request to withdraw his guilty plea. Exercising great patience, and against the Government's wishes, the court continued the sentencing hearing and set Turner's oral motion for a hearing. In anticipation of that hearing, counsel filed a written motion seeking leave for Turner to withdraw his guilty plea:

> [Turner] submits that he is unable to understand the provisions of the plea agreement, is not able to appreciate the advise [*sic*] of counsel regarding the facts and potential defenses in his case, is entitled to assert his

innocence as to counts one and two of the Indictment and not have those acts factored into the current plea for a sentence above the applicable guideline range, and his mental state did not allow him to enter into the plea and/or withdraw his previous request to withdraw the plea knowingly and voluntarily.

At this point, Turner sought and was granted a competency examination.

After Turner was found competent, the court held a hearing on his most recently filed motion to withdraw his plea. Following the hearing, the district court denied Turner's motion by way of a very thorough and thoughtful memorandum opinion and order. Thereafter, the court proceeded to sentencing, accepted the binding plea, and sentenced Turner to 240 months in prison.

## II

### A

A defendant who wishes to plead guilty must be competent, and his plea must be both knowing and voluntary. *Godinez v. Moran*, 509 U.S. 389, 400 (1993). The court must ensure that the defendant understands "the nature of each charge to which [he] is pleading." Fed. R. Crim. P. 11(b)(1)(G). A plea is considered to be "knowing and voluntary" when a "defendant actually *does* understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Id*. at 401 n.12. "[A] plea does not qualify as intelligent unless a criminal defendant first receives real notice of the true nature of the charge against him." *United States v. Webb*, 403 F.3d 373, 379 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 618 (1998)) (internal quotation marks and citation omitted).

Turner argues that his plea was not knowing because he was misadvised on what was required to prove the interstate commerce nexus, which is requisite to proving Hobbs Act robbery. During his colloquy with the judge at his change of plea hearing, Turner does appear to

have hesitated on this point, responding to the district court's questions with some trepidation. As evidence of his first attorney's misunderstanding, Turner directs the Court to his December 3, 2013 hearing on his final motion to withdraw his guilty plea. At that hearing, Turner's first attorney testified that he had likely explained to Turner that the Government would have had to prove that "the weapon that he was alleged to have used would have to have been in interstate commerce."

A *de minimis* effect on interstate commerce is sufficient to satisfy the jurisdictional requirement for a robbery conviction under the Hobbs Act. *United States v. Baylor*, 517 F.3d 899, 902 (6th Cir. 2008). In this case, Turner was correctly advised of the interstate commerce element of Hobbs Act Robbery both in his written plea agreement and by the Assistant United States Attorney during the plea hearing.[2] Additionally, Turner was subsequently appointed new counsel and following new counsel's appointment, on August 14, 2012, Turner attested that he was "satisfied with the explanation of the charges against [him]" and wished to "continue to accept the January 20, 2012 plea agreement. . . ." Turner does not suggest that he was misadvised at this juncture in the proceedings.

In sum, despite the allegedly faulty advice rendered by Turner's first counsel, the record shows that he was properly advised both in writing and orally at the time he pled guilty and then, again, subsequently. Such a record does not support his contention that his plea was either unknowing or involuntary.

---

[2]    Turner's plea agreement explains that Count Three requires proof that "[t]he persons targeted were engaged in commercial activities in interstate commerce or an industry which affects interstate commerce."

**B**

Federal Rule of Criminal Procedure 11(d) provides that "[a] defendant may withdraw a plea of guilty… after the court accepts the plea, but before it imposes sentence if…the defendant can show a **fair and just reason** for requesting the withdrawal." *Id*. (emphasis added). "A defendant has no right to withdraw his guilty plea." *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012). Rather "[t]he purpose of the rule 'is to allow a hastily entered plea made with unsure heart and confused mind to be undone. . . .'" *Id*. (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991), *cert. denied*, 502 U.S. 1117 (1992)). With this purpose in mind, a district court's decision to deny a motion to withdraw a guilty plea will only be reversed when it is found that the district court abused its discretion. *Id.* at 794.

In considering whether a defendant has presented a fair and just reason for withdrawing his plea, the court may consider the following factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994).

**1**

Determining how much time passed between Turner's guilty plea and his motion to withdraw that plea is complicated by the fact that Turner moved to withdraw his guilty plea on several occasions. He first sought to escape his plea 120 days after he entered it. Turner subsequently withdrew that motion. Next, Turner orally moved to withdraw his plea at his May

7

2013 sentencing hearing, 473 days following his decision to plead guilty. Following that aborted sentencing, and nearly eighteen months after he pled guilty, Turner supplemented the record with a written motion to withdraw his guilty plea.

As the district court explained in its memorandum opinion, this Court has routinely denied motions to withdraw guilty pleas where far less time has passed between the entry of the plea and the defendant's motion. *See*, *e.g.*, *United States v. Valdez*, 362 F.3d 903, 912-913 (6th Cir. 2004) (75 day delay); *United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999) (77 day delay); *United States v. Pluta*, 144 F.3d 968, 973-74 (6th Cir. 1998) (four month delay); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (67 day delay); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (55 day delay); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (35 day delay).

Turner acknowledges that the delay was lengthy, but argues the magnitude of a 20 year sentence, coupled with his persistence, negates the delay. Defense counsel cites no case to support this proposition because, quite frankly, this is not the standard. To the contrary, this Court has held that "the shorter the delay, the more likely a motion to withdraw will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (quoting *Baez*, 87 F.3d at 808) (additional citations omitted). Even if the Court gives Turner the benefit of the doubt and considers the timing of his first (but subsequently withdrawn) motion, the delay was a substantial 120 days.

**2**

Turner provides no convincing reason for failing to move for withdrawal earlier. Turner's counsel conceded this point at a hearing before the district court: "you know, I don't

know that there is any reason to have not withdrawn [the plea] earlier." Turner now argues that his difficulty in communicating with his prior counsel contributed to the lengthy delay between his guilty plea and his motion to withdraw. Poor communication with counsel does little to explain, however, why Turner could not have filed his motion earlier, and *pro se*. Turner was well aware of how to file such a motion as he had earlier filed a *pro se* motion to appoint new counsel, and then ultimately filed his first motion to withdraw his guilty plea *pro se* as well. In short, Turner provides no convincing justification for failing to file his motion earlier.

**3**

While the parties agree that the Defendant has consistently maintained his innocence with regard to counts one and two, charges that were dismissed when he pled guilty, there is little to indicate that he has maintained innocence with regard to counts three and four. Quite to the contrary, Turner admitted his guilt at his plea hearing. Such "[s]tatements of guilt under oath at a plea hearing support the district judge's decision not to permit withdrawal." *Martin*, 668 F.3d at 796 (citation omitted).

Turner made a further statement at his sentencing hearing which suggested he was something other than innocent:

> You know, that sometimes mistakes are made, and before I even signed that plea up here in the court, that I was innocent until I was proven guilty. And by me withdrawing my plea, I retain my innocence, I still am innocent until I'm proven guilty. **Do I feel like I'm guilty? I can't answer that right now.** But I'll just tell you this right here, Judge, that I feel like 20 years is not right for me.

As noted by this Court in *Dixon,* "[t]his exchange is a far cry from the 'vigorous and repeated protestations of innocence' that would support a motion to withdraw a guilty plea. 479 F.3d at 437 (quoting *Baez*, 87 F.3d at 809).

**4**

The circumstances surrounding Turner's plea do not support permitting its withdrawal. At his sentencing hearing, Turner articulated that he had pled guilty because his counsel had advised him that he would "either receive 40 years or sign 20." While Turner might have felt some pressure to plead guilty due to the drastic benefit he received by way of pleading, the bottom line is that statements at a plea hearing are solemn declarations that are given significant weight. *United States v. Owens*, 215 F. App'x 498, 502 (6th Cir. 2007) ("A defendant's statements at a plea hearing should be regarded as conclusive [as to truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements.").

There is no question that the district court properly advised Turner of his rights at the plea hearing. Turner's counsel has conceded that the plea colloquy was legally sufficient. The Court has already determined that, despite the allegedly mistaken advice of his first counsel, Turner's plea was both knowing and voluntary.

**5**

Courts that have considered the defendant's nature and background frequently focus on whether the defendant was capable of understanding the proceedings brought against him. *See Martin*, 668 F.3d at 796. Turner cites to his "difficulty with school and diagnosis related to his cognitive ability," but the bottom line is that Turner was found competent, and, as discussed *supra*, his waiver was both knowing and voluntary. *See Godinez*, 509 U.S. at 400 ("In addition to determining that a defendant who seeks to plead guilty or waive counsel is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary.")

(citing *Parke v. Raley*, 506 U.S. 20, 28-29 (1992)) (additional citations omitted). The record demonstrates that Turner is indecisive about his decision, but not incapable of understanding it.

**6**

In considering how much experience the defendant has with the criminal justice system, this Court has distinguished those defendants that are "novice[s] to the criminal law" from those that are "knowledgeable and shrewd." *Spencer*, 836 F.2d at 240 (quoting *United States v. Kirkland*, 578 F.2d 170, 171-72 (6th Cir. 1978)). Turner was only eighteen when he committed this crime, so it is no surprise that he does not have much exposure to the adult criminal justice system. As articulated by the district court, however, Turner did have experience with the juvenile criminal justice system, including convictions for both possessing cocaine and strong armed robbery.

**7**

Finally, the Government need not show that it will suffer prejudice unless the defendant "establishes a fair and just reason for allowing the withdrawal." *United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011) (citations omitted); *Spencer*, 836 F.2d at 240 ("[A]lthough the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal, the district court may consider potential prejudice in exercising its discretion in considering the motion."). While this factor does not bear on the Court's decision, the delay would be prejudicial to the Government, as granting his motion after such a significant delay would likely hamper the Government's ability to prove its case at trial. *See Dixon*, 479 F.3d at 437 (two-year delay found prejudicial to Government).

**III**

The record shows that Turner's plea was knowingly and voluntary. His subsequent "attempt[s] to avoid his agreement cannot be viewed as other than a dilatory tactic or strategy to attempt to obtain an even better deal." *Kirkland,* 578 F.2d 171-72. Having considered the *Bashara* factors, it is apparent that the district court did not abuse its discretion in finding that Turner failed to provide *fair and just reasons* for withdrawing his plea. For all the aforementioned reasons, the district court's decision is AFFIRMED.