**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Scott CINNAMON,**
**Defendant–Appellant.**

No. 03–5044.

United States Court of Appeals,
Sixth Circuit.

Sept. 22, 2004.

Candace G. Hill, Asst. U.S. Attorney, Terry M. Cushing, Asst. U.S. Attorney, U.S. Attorney's Office, Louisville, KY, for Plaintiff–Appellee.

James Scott Cinnamon, Leitchfield, KY, Defendant–Appellant Pro Se.

Before GUY and SUTTON, Circuit Judges; and CARR, District Judge.*

PER CURIAM.

Defendant, James Scott Cinnamon, appeals from his judgment of conviction. He pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On appeal, Cinnamon challenges the denial of his motion to withdraw the guilty plea and the failure to grant an evidentiary hearing on this issue. He argues that the plea was the result of coercion and the misadvice of his attorney regarding Cinnamon's eligibility for probation. Cinnamon also argues that he was denied effective assistance of counsel in violation of the Sixth Amendment. After review of the record, the applicable law, and the arguments presented on appeal, we affirm.

## I.

On July 2, 2001, Cinnamon was charged in a three-count indictment. Under the terms of a written plea agreement, Cinnamon agreed to plead guilty to Count 1 (convicted felon in possession of specified firearms) and to relinquish any property interest in the firearms listed in Count 3 (the forfeiture count). In return, the government agreed to dismiss Count 2 (convicted felon in possession of additional specified firearms) and to make a sentence recommendation.

The plea hearing was held on February 4, 2002. In response to the district court's inquiry regarding the influence of alcohol or drugs, Cinnamon described the prescription medication he took and stated that he did not believe the medications affected his ability to think or make a judgment. Cinnamon further stated, "I think they help me make better judgment."

The district court asked whether Cinnamon was fully satisfied with the advice given by his attorney and whether he understood all the charges against him. Cinnamon responded in the affirmative. Cinnamon was asked whether he or anyone

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

close to him had been threatened, or whether anyone forced him in any way to plead guilty. To both inquiries, Cinnamon responded in the negative. Cinnamon also stated that no one had made any promises to cause him to change his plea outside of what was contained in the plea agreement.

The district court informed Cinnamon of the maximum penalties to which he might be subjected, stated that the court could not determine the sentence until after the presentence report was prepared, and said that it could depart from the guidelines and impose a greater or lesser sentence.[1] The district court then asked:

THE COURT: The Court can impose any sentence which the Court feels is appropriate in this case up to and including the maximum sentence that I described to you earlier. Do you understand that?

THE DEFENDANT: Yes, sir, I do.

THE COURT: Do you understand that if you receive a sentence which is greater than what the Government recommends or greater than what the plea agreement calls for or different from what you expect or predict, that you will not have a right to withdraw a guilty plea that you may enter today? Do you understand that?

THE DEFENDANT: Yes, sir, Your Honor, I do.

THE COURT: Do you understand that a mistake or error in your prediction or calculation or that of your attorney as to what sentence you might receive in this matter does not give you a right to withdraw your plea once you enter?

THE DEFENDANT: Yes sir.

THE COURT: Do you understand that no one can make any promises to you that bind the Court?

THE DEFENDANT: Yes sir.

After Cinnamon admitted the factual basis for the charge described by the government, the district court accepted the plea. The sentencing hearing was scheduled for May 14, 2002.

On May 8, 2002, Cinnamon's attorney moved the district court to grant probation pursuant to 18 U.S.C. § 3561(a), requested downward departures under numerous sections of the Sentencing Guidelines, and argued that the criminal history category should be reduced for various reasons.

On the morning of the sentencing hearing, Cinnamon alleges that he fired his attorney after the attorney refused to sign a guaranty that Cinnamon would receive probation.[2] Cinnamon claims that his attorney had previously represented that Cinnamon was eligible for probation. The sentencing hearing was rescheduled to June 24, 2002.

On June 24, 2002, the district court allowed the withdrawal of Cinnamon's attorney. Cinnamon told the district court that he had already consulted with another attorney. Status conferences were then set and rescheduled for July 8, 2002, July 19, 2002, and August 5, 2002.

---

1. The written plea agreement stated: "Defendant further understands that he may not withdraw the plea of guilty solely because the Court does not agree with the Court's [sic] determination of facts or application of the Sentencing Guidelines." It further stated: "In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement."

2. This was the second attorney that Cinnamon fired. He asked his first attorney to withdraw after a motion to suppress evidence was denied.

Cinnamon's new attorney entered his appearance on August 8, 2002, and filed a motion to withdraw the plea pursuant to Fed.R.Crim.P. 32(e).[3] In his motion to withdraw the guilty plea, Cinnamon alleged that when he tried to ask questions about the plea agreement, his attorney yelled at him: "[J]ust sign the thing now!" He also claimed that when he informed his attorney of the numerous medications he took and that he had accidentally ingested one of his wife's prescription medications, his attorney told him not to tell this to the judge or Cinnamon would be sent for an evaluation in Illinois for a "couple of months." The significant part of his argument, however, focused on the allegations that his attorney assured Cinnamon that he would receive probation, shock probation, or home incarceration when such an option was not available under the guidelines. Cinnamon asserted that he would not have entered a guilty plea if he had known that probation was not a sentencing option under the guidelines. No specific allegation of ineffective assistance of counsel in violation of the Sixth Amendment was asserted in the motion to withdraw his plea.

The district court denied the motion to withdraw the plea and subsequently sentenced Cinnamon to 41 months' imprisonment and two years of supervised release. This appeal followed.

## II.

### A. Withdrawal of Guilty Plea

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Lineback*, 330 F.3d 441, 443 (6th Cir.2003). A district court may permit a defendant to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason." FED. R.CRIM. P. 11(d) (formerly at FED. R.CRIM. P. 32(e)). A defendant is allowed to withdraw a guilty plea to "allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir.1994) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir.1991)).

The defendant has the burden of establishing that a motion to withdraw a guilty plea should be granted. *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987). The factors identified by this court for evaluating a motion to withdraw a guilty plea are: (1) the amount of time between the plea and the motion to withdraw; (2) the defendant's reason for not moving to withdraw earlier; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the defendant's prior experience with the criminal justice system; and (7) the potential prejudice to the government if the motion is granted. *United States v. Hunt*, 205 F.3d 931, 936 (6th Cir.2000).

The district court did not abuse its discretion by denying Cinnamon's motion to withdraw his guilty plea. The district court properly applied and balanced the factors described in *Hunt*.

The amount of time between the guilty plea and the filing of the motion to withdraw was excessive. Cinnamon argues that the appropriate time was three

---

**3.** After the motion was filed, Rule 32(e) was recodified and the procedure for withdrawal of a plea before sentence is imposed is now set forth in Fed.R.Crim.P. 11(d).

months rather than six because he did not know that his attorney's advice was faulty until the date of the first sentencing hearing. We have found far less than three months, however, to be excessive. *See United States v. Baez,* 87 F.3d 805, 808 (6th Cir.1996) (87 days); *United States v. Goldberg,* 862 F.2d 101, 104 (6th Cir.1988) (55 days); and *United States v. Spencer,* 836 F.2d 236, 239 (6th Cir.1987) (35 days). Also relevant is the fact that Cinnamon offers no explanation for the three-month delay. *Baez,* 87 F.3d at 808–09.

Other factors also weighed in favor of denial of the motion. Cinnamon did not maintain his innocence but confirmed the factual basis for the charge to which he pleaded guilty. The district court found that Cinnamon had a criminal background which gave him prior experience with the criminal justice system. The court concluded that Cinnamon acted to cause delays throughout the case, and that to allow the withdrawal of the guilty plea would result in further delay. We find no error in this reasoning.

Cinnamon's claim that his plea was the product of coercion is belied by the care taken by the district court to ensure that Cinnamon's guilty plea was voluntarily made. "A defendant's statements at a plea hearing should be regarded as conclusive [as to truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements." *United States v. Estrada,* 849 F.2d 1304, 1306 (10th Cir.1988) (internal quotation marks and citation omitted). Cinnamon is bound by his statements made at the plea hearing that he was not threatened or forced in any way to plead guilty. *Baker v. United States,* 781 F.2d 85, 90 (6th Cir.1986).[4]

Finally, the alleged misadvice of his attorney did not require the withdrawal of his guilty plea under the facts of this case. "[T]he mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement." *United States v. Stephens,* 906 F.2d 251, 253 (6th Cir.1990). The district court in this case took great care to make sure that Cinnamon understood that any miscalculations or failed predictions regarding his sentence would not be grounds for withdrawing his plea. Any erroneous advice of his attorney was cured by the court's advice at the plea hearing. We find no abuse of discretion in the district court's refusal to allow Cinnamon to withdraw his plea based on the advice of his attorney because Cinnamon was adequately informed of the consequences of his plea.[5]

---

4. In his *pro se* supplemental and reply brief, Cinnamon alleges prosecutorial misconduct in that he claims that the prosecutor threatened him with additional charges if he did not plead guilty. We will not consider this argument on appeal as it was not argued below and has not been developed on appeal. *See PACCAR Inc. v. TeleScan Techs., L.L.C.,* 319 F.3d 243, 258 (6th Cir.2003) (arguments not raised below may not be asserted on appeal); *United States v. Corrado,* 304 F.3d 593, 611 n. 12 (6th Cir.2002), *cert. denied,* 537 U.S. 1238, 123 S.Ct. 1366, 155 L.Ed.2d 207 (2003) (arguments not developed in brief on appeal are deemed waived by this court) (citing *United States v. Layne,* 192 F.3d 556, 566–67 (6th Cir.1999)).

5. Cinnamon's reliance on *Sparks v. Sowders,* 852 F.2d 882, 885 (6th Cir.1988), is misplaced. *Sparks* was a *habeas* case where the issue was whether attorney misadvice in the context of a plea agreement can amount to ineffective assistance of counsel, not whether attorney misadvice constitutes a fair and just reason for allowing a defendant to withdraw a guilty plea.

## B. Ineffective Assistance of Counsel

Direct review of this issue is appropriate if the trial counsel's ineffectiveness is apparent from the record. *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir.2004). The preferable route for raising an ineffective assistance of counsel claim, however, is in a post-conviction proceeding under 28 U.S.C. § 2255 so that such a record can be developed. *Id.* at 913–14. Because Cinnamon did not explicitly assert ineffective assistance of counsel below, there was no record developed regarding his attorney's alleged misconduct. In his *pro se* supplemental brief on appeal, Cinnamon also argues that he was denied ineffective assistance of appellate counsel.[6] There is no adequate record from which this court could decide the merit of these allegations. We, therefore, decline to entertain Cinnamon's claims of ineffective assistance of counsel in this direct appeal.[7]

**AFFIRMED.**

---

**6.** Cinnamon filed the notice of appeal *pro se.* A motion to withdraw was then filed by his third trial attorney. His first appellate attorney moved to withdraw after he filed Cinnamon's final brief on appeal. Cinnamon subsequently filed a *pro se* supplemental brief and a *pro se* reply brief. The allegations of ineffective assistance of appellate counsel relate to the arguments and representations made in the final brief. Cinnamon is now represented by a fifth attorney, who filed his appearance on January 27, 2004.

**7.** Cinnamon argues on appeal that the district court should have held a hearing on the question of ineffective assistance of counsel because 28 U.S.C. § 2255 mandates a hearing unless the motion and the record conclusively show that the prisoner is not entitled to relief. There are two fatal problems with this argument. This is not a § 2255 action, and Cinnamon did not assert ineffective assistance of counsel below.