NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0108n.06
Filed: February 8, 2007

No. 05-5638

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ENGLE GERALD OWENS, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: KEITH, CLAY, Circuit Judges; and MAYS, District Judge.[*]

**SAMUEL H. MAYS, JR., District Judge.** Defendant-appellant Engle Owens ("Owens")

appeals his judgment of conviction. He pled guilty to possession of a firearm by a convicted felon,

in violation of 18 U.S.C. § 922(g)(1). On appeal, he challenges the district court's denial of his

motion to withdraw his guilty plea. For the following reasons, we **AFFIRM** the district court's

decision.

I.

Owens was arrested on November 26, 2003, pursuant to a federal grand jury indictment that

charged him with possession of a firearm by a convicted felon. Owens pled not guilty. After his first

appointed counsel withdrew, Barry Tidwell ("Tidwell") was appointed new counsel for Owens.

_____

[*]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District
of Tennessee, sitting by designation.

-1-

On July 28, 2004, after the first day of trial, Owens changed his plea to guilty and entered into a plea agreement. At the plea hearing, Owens was placed under oath and engaged in a colloquy with the district court. The court confirmed that Tidwell had gone through each paragraph of the plea petition with Owens, that Owens understood the agreement, and that Tidwell had explained the Sentencing Guidelines to Owens and made an estimate of Owen's Guidelines range. When asked if anyone had threatened or coerced him to plead guilty, Owens responded that no one had. Owens stated that it was his wish to enter the plea and that he was pleading guilty because he was, in fact, guilty.

On August 1, 2004, Owens sent Tidwell a letter stating that he wanted to withdraw his plea. In his letter, Owens stated that he did not think the government would have agreed to a plea if it were confident about its case, and that Tidwell had played on his emotions and coerced him to plead guilty. After Tidwell received Owens's letter, they had several more conversations in which Owens asked Tidwell to move to withdraw the guilty plea. Tidwell did not do so.

On August 24, 2004, Owens wrote a letter to the district court, stating that he wanted to withdraw his guilty plea. He argued that he had no confidence in Tidwell, that Tidwell had failed to conduct the trial according to his instructions, and that Tidwell and an Assistant United States Attorney ("AUSA") not involved in the instant case had coerced and threatened him to plead guilty.

On October 13, 2004, after filing a *pro se* motion for appointment of new counsel and Tidwell's motion to withdraw, new counsel was appointed for Owens. On November 29, 2004, through his new counsel, Owens moved to withdraw his guilty plea.

On January 20, 2005, after a hearing on Owens's motion to withdraw his guilty plea, the district court denied the motion. The court found that "[t]his Defendant at this point has no

credibility." (J.A. at 175.) The judge stated that he had not noticed Owens hesitating during his plea colloquy and that Owens had understood that he was under oath when he pled guilty. The judge noted that he "was not terribly surprised after one day of trial that the Defendant was willing to enter a Plea of Guilty, considering the evidence that had been produced." *Id.* The judge also stated that he saw no sign of ineffective assistance of counsel during the trial and found that Owens was familiar with the criminal justice system.

The district court denied Owens's motion to withdraw his guilty plea. On March 21, 2005, Owens was sentenced to 237 months of imprisonment, followed by five years of supervised release. On March 31, 2005, Owens filed a timely notice of appeal.

II.

This Court reviews the denial of a motion to withdraw a guilty plea under an abuse of discretion standard. *United States v. Lineback*, 330 F.3d 441, 443 (6th Cir. 2003). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Id.* (internal quotation omitted).

A defendant does not have an absolute right to withdraw his guilty plea prior to sentencing. *United States v. Spencer*, 836 F.2d 236, 238 (6th Cir. 1987). A defendant may withdraw a guilty plea after the court accepts the plea but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This rule is intended "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir.1994) (internal quotation marks omitted), *superseded on other grounds by*

*statute as stated in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir.2000). "[T]he defendant has the burden of proving the existence of a 'fair and just reason' supporting the withdrawal of his or her guilty plea." *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998) (citing *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996)).

In determining whether a defendant has shown a "fair and just reason" for withdrawal of his guilty plea, the Court may consider the following factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
> (3) whether the defendant has asserted or maintained his innocence;
> (4) the circumstances underlying the entry of the guilty plea;
> (5) the defendant's nature and background;
> (6) the degree to which the defendant has had prior experience with the criminal justice system; and
> (7) potential prejudice to the government if the motion to withdraw is granted.

*Bashara*, 27 F.3d at 1181. The listed factors are non-exclusive, and no single factor is controlling. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). Where a defendant fails to establish a "fair and just reason" for withdrawing his guilty plea under the first six *Bashara* factors, the Court need not consider the seventh *Bashara* factor. *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991).

The district court did not abuse its discretion in denying Owens's motion to withdraw his guilty plea because many of the *Bashara* factors weigh in favor of denying the motion.

More than four months had passed between Owens's guilty plea and the filing of the motion to withdraw. This Court has found far less time to be excessive for purposes of withdrawing a guilty plea. *See United States v. Cinnamon*, 112 F. App'x 415, 418-19 (6th Cir. 2004) (unpublished case)

(three months); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (sixty-seven days); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (fifty-five days); *Spencer*, 836 F.2d at 239 (thirty-five days).

Owens argues that although he did not file a formal motion to withdraw his plea for four months, he told his lawyer and the court that he wanted to change his plea within days of pleading guilty. The *Bashara* court, however, made clear that there is a difference between merely regretting a plea and formally moving to withdraw it. 27 F.3d at 1181. In *Bashara*, eleven days after the defendant pleaded guilty, he complained to his probation officer that he regretted having done so. Approximately five weeks later, the defendant wrote a formal letter to the court, explaining his reasons for wanting to withdraw his plea. He formally moved to withdraw his plea fifteen days after writing his letter to the court. *Id.*

The *Bashara* court noted that although the defendant might have regretted his guilty plea only eleven days after entering it, he waited many weeks before filing a formal motion to withdraw it. The defendant claimed that the delay was caused by difficulty in contacting his counsel, but the district court found that, "with two prior convictions, [the defendant] amply knew how to contact [his] counsel[.]" *Id.* This Court concluded that it was not an abuse of discretion for the district court to deny the defendant's motion to withdraw his guilty plea. *Id.*

Here, three months had passed between Owens's August 24, 2004 letter to the district court and his November 29, 2004 motion to withdraw his guilty plea. Owens complains that his lawyers did not file the motion to withdraw, and that "[t]he only other thing the Appellant could have done was to file a *pro se Motion to Withdraw His Guilty Plea*, a practice the Courts discourage, especially when a defendant has counsel." (Def.'s Reply Br. 3.) However, the record contains eight *pro se*

motions from Owens, all filed while Owens had counsel, including one filed on September 7, 2004, between the time Owens wrote his letter to the district court and the time his counsel filed the motion to withdraw the guilty plea. Owens's explanation for the delay in filing a motion to withdraw his plea, therefore, appears disingenuous. The time between Owens's guilty plea and his motion to withdraw the plea, as well as the absence of a valid reason for failing to move for withdrawal earlier, weigh in favor of denying his motion to withdraw.

Other factors also weigh in favor of denying the motion. Although Owens asserted his innocence before and after his guilty plea, he signed a plea agreement confirming his guilt and the factual basis for the charge. Owens also testified at his plea hearing that he was entering a guilty plea because he was in fact guilty. Consequently, there is no error in finding that this factor weighs against granting Owens's motion to withdraw his plea. *See Lineback*, 330 F.3d at 444.

The district court did not abuse its discretion in finding that Owens is familiar with the criminal justice system. Owens has multiple felony convictions, many of which have resulted from guilty pleas. His repeated filing of *pro se* motions also suggests familiarity with the criminal justice system. This factor weighs in favor of denying Owens's motion to withdraw his guilty plea.

Although Owens argues that the circumstances underlying the entry of his guilty plea weigh in favor of granting the motion to withdraw his plea, the district court found Owens's explanations not credible. "Unless it has no foundation, [this Court will] defer to a district court's finding of credibility." *United States v. Butler*, 297 F.3d 505, 513 (6th Cir. 2002) (citation omitted). Owens has not attacked the foundation of the district court's credibility determination.

Owens's claim that his plea was coerced by his own counsel and an AUSA is belied by the district court's care in ensuring that Owens's guilty plea was voluntary. "'A defendant's statements

at a plea hearing should be regarded as conclusive [as to truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements." *Cinnamon*, 112 F. App'x at 419 (alteration in original) (quoting *United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988)). The court specifically asked Owens if anyone had threatened him to secure his guilty plea or his assent to the plea agreement, and Owens testified that no one had. Owens is bound by his testimony that he was not threatened or forced into pleading guilty. *See id.*

Owens's claim that his attorney "played on his emotional state" is undermined by the district court's credibility determination. The district court did not notice any hesitation during the plea colloquy. Also, Owens provides no valid explanation for why he lied under oath in response to direct questions about whether or not he had been threatened to plead guilty.

In light of the evidence presented by the government, the district court also noted that it was not surprised that Owens had entered a guilty plea after the first day of trial. Therefore, the circumstances underlying Owens's guilty plea weighed in favor of denying Owens's motion to withdraw.

A review of the applicable factors establishes that Owens waited an excessive amount of time to make his motion to withdraw, failed to provide a valid reason, did not consistently maintain his innocence, and had extensive experience with the criminal justice system. The district court found that Owens had no credibility at the hearing on the motion to withdraw his guilty plea, and the circumstances underlying Owens's guilty plea weighed against granting his motion to withdraw. On these facts, the district court did not abuse its discretion in denying Owens's motion to withdraw his guilty plea.

III.

For the foregoing reasons, we **AFFIRM** the district court's denial of Owens's motion to withdraw his guilty plea.