NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0138n.06

No. 22-5252

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Mar 20, 2023 |
|  | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
|  | ) | THE MIDDLE DISTRICT OF |
| KEDRICK ROSS, | ) | TENNESSEE |
| Defendant-Appellant. | ) |  |
|  | ) | OPINION |

Before: SILER, BUSH, and READLER, Circuit Judges.

SILER, Circuit Judge. Defendant Kedrick Ross pleaded guilty to eleven federal charges. Prior to sentencing, which occurred a year after he pleaded guilty, he moved to withdraw his guilty plea. The district court denied his motion to withdraw. Because the district court did not abuse its discretion in denying Ross's motion to withdraw, we **AFFIRM**.

**I. Background**

In November 2020, Ross pleaded guilty to eleven charges related to the use and sale of drugs, being a felon in possession of a firearm, and witness tampering. At his guilty plea hearing, Ross told the court that he understood the charges against him, the elements required to prove the charges, and the penalties associated with the charges. Ross also communicated that he was satisfied with his representation by his appointed attorney, David Baker. The court then requested the government provide the factual basis for Ross's plea. Before the government could establish the factual basis for Ross's guilt, Baker requested a recess, during which he told Ross that a key witness had recently died of a drug overdose. Baker still advised Ross to plead guilty because Ross was a career offender so if he were found guilty of just one of the four charges for possession

of a firearm in furtherance of a drug trafficking crime, he faced a guideline sentence of 360 months to life. After the recess, the government read the statement of facts, and Ross pleaded guilty.

In October 2021, after multiple continuances of Ross's sentencing hearing, Baker filed a motion to withdraw as Ross's counsel. The court granted the motion and appointed Ross a new attorney. The next month, a year after he pleaded guilty, Ross moved to withdraw his guilty plea. At the hearing on the motion, Ross alleged that Baker coerced him into pleading guilty. Ross stated that he was unsure of the consequences of pleading guilty in an "open plea" and became angry when Baker advised him to plead guilty even though a key witness recently died.

However, Ross made clear that when he pleaded guilty, he understood the offenses he was charged with, he was pleading without a plea agreement, and his crimes carried a mandatory minimum 16-year sentence. Ross also agreed in court that Baker continued the sentencing hearing multiple times so that he could acquire mitigating evidence and negotiate a lower sentence, and that Baker advised Ross during that time. Baker denied coercing Ross to plead guilty, explained that he met with Ross on multiple occasions regarding his sentencing argument, hired an expert to help with sentencing mitigation, and simultaneously negotiated with the government for a lower sentence.

The district court denied Ross's motion because six of the seven factors considered in deciding a motion to withdraw a guilty plea weighed against Ross. The court sentenced Ross to concurrent 24-month sentences on Counts 1, 3, 4, 6, 7, 9, 10, and 11, to be followed by three consecutive 60-month terms on Counts 2, 5, and 8. Ross appealed.

## II. Standard of Review

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Goddard*, 638 F.3d 490, 493 (6th Cir. 2011). "A district court abuses

its discretion when it relies on clearly erroneous findings of fact, improperly applies the law or uses an erroneous legal standard." *Id.* (quotations omitted).

### III. Analysis

A criminal defendant may withdraw his guilty plea before sentencing when he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The goal of the rule is "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (quotations omitted). Moreover, "it is well settled that the movant has the burden of establishing that his presentence motion to withdraw his guilty plea should be granted." *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987). In deciding whether a guilty plea withdrawal should be granted, we consider seven factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Goddard*, 638 F.3d at 494. These factors are a non-exclusive list, and no one factor is controlling. *Id.* (citing *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996)).

#### 1. *The district court acted within its discretion*

Ross first argues that the district court erred in its analysis of the length of delay between Ross's guilty plea and motion to withdraw because the court only compared the length of time Ross waited to raise this issue with cases from this court where the district court's denial was affirmed, and the length of delay was far shorter. Without citation to any case, Ross says this was

"improper" because there were extenuating circumstances that resulted in his waiting a year to seek withdrawal of his guilty plea.

Ross's argument is wanting. The district court was within its discretion to look to our prior caselaw as benchmarks for what length of delay weighs in favor of granting versus denying a motion to withdraw a guilty plea. It cited fives cases where the length of delay was far shorter than the one-year delay here. In each of those cases, we affirmed the denial of a plea withdrawal. *See United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (67 days); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (55 days); *United States v. Watkins*, No. 21-1241, 2022 WL 43291, at *2 (6th Cir. Jan. 5, 2022) (71 days); *United States v. Williams*, 852 F. App'x 992, 996, (6th Cir. 2021) ("over four months"); *United States v. Cinnamon*, 112 F. App'x 415, 418–19 (6th Cir. 2004) (90 days).

Ross next argues that the district court erred in not accounting for his alleged reasons for delay in filing the motion to withdraw. The district court found this factor weighed strongly in favor of denying the motion to withdraw the plea because (1) Ross provided minimal explanation as to why he waited a full year to seek withdrawal, and (2) he worked with his attorney, who he stated coerced him into pleading guilty, on sentencing for over six months. Ross argues that he only waited to request withdrawal of his guilty plea because he was unaware he could do so until speaking with a fellow inmate while he was waiting to be sentenced. He also argues that although he continued working with counsel on his sentencing case, he was hesitant to plead guilty, as shown by his request for a recess during the guilty plea hearing.

Ross requests that we reweigh the facts already considered by the district court. The district court considered both the argument that Ross allegedly waited to move for withdrawal of his guilty plea because he did not know he could do so and because (Ross alleges) he and his counsel had a

fractured relationship. The court found both arguments unpersuasive. Nothing in the record leads us to believe this was erroneous.

The third factor, whether Ross maintained his innocence, is the one factor the district court said was arguably neutral. As the district court explained, at the hearing on his motion to withdraw, Ross claimed that he was innocent of some charges, but then reversed course and said he was innocent of separate charges. The district court found it notable that Ross did not maintain his innocence throughout the proceeding. Ross was read the government's statement of facts and he told the court that they were true. Ross argues that the district court erred in weighing this factor as either neutral or in favor of denying the motion. He claims that he asserted his innocence at the withdrawal hearing regarding the incident from December 2018 and that any apparent contradiction was illusory. Because of this, he argues, the district court abused its discretion.

Ross's argument is flawed for two main reasons. First, although he said he was innocent of the December 2018 incident during the withdrawal hearing, he also said he wanted to plead guilty to that incident but withdraw his pleas as to other charges. This cuts against his argument that he maintained innocence for at least one charge throughout the proceedings. Second, the subsequent claim of innocence does not negate that he admitted to all of the facts during the initial plea hearing and admitted that he was guilty of the charged conduct.

As to the fourth factor, the circumstances underlying the plea, Ross claims that he did not knowingly and voluntarily enter his plea because he did not understand what entering an "open plea" meant. But as the district court explained when denying Ross's motion:

> [Ross] stated that he had discussed the plea agreement with his attorney, that he understood the charges against him, that he understood the mandatory and potential sentence. During the plea hearing, he stated that no one had put pressure on him to plead guilty, the guilty plea was not due to any force or threats or promises, his mind was clear, he understood what he was doing and the plea was voluntary.

The district court then explained that after Ross and his counsel took a recess to discuss his case, Ross again affirmed his desire to plead guilty. These circumstances, which indicate that counsel was competent and the plea was knowing and voluntary, support the district court's decision. *See United States v. Ellis*, 470 F.3d 275, 285 (6th Cir. 2006). Ross does not articulate any facts or legal standard that the district erroneously relied upon.

The same is true regarding the fifth factor, defendant's background. Ross argues that the district court erred in only accounting for his education level and not his alleged background of mental health issues and familial drug history. But we have made clear that the question regarding a defendant's background is whether he has the capacity to understand the proceedings and give a knowing, voluntary, and intelligible plea. *See United States v. Martin*, 668 F.3d 787, 796–97 (6th Cir. 2012) ("Although elements of [the defendant's] background were difficult, his circumstances do not suggest an inability to understand the proceedings."). As in *Martin*, Ross had a high school education, speaks English, and "over the course of a lengthy colloquy regularly affirmed his understanding of the proceedings." *Id.*

The district court found the sixth factor, defendant's prior record, weighed against Ross because he previously pleaded guilty to state charges on multiple occasions. Ross argues that the "open plea" in this case confused him and should neutralize any weight given based on his prior experience in the criminal justice system. We disagree. The point of this factor is to weigh whether an appellant had enough previous "sufficient contact with the criminal justice system to fully understand his rights and the process." *Goddard*, 638 F.3d at 495. Ross's argument has no bearing on this question.

Finally, regarding the last factor, whether the withdrawal would prejudice the government, the district court concluded that it need not decide whether the government would be prejudiced if the plea were withdrawn because Ross did not establish a fair and just reason for allowing the

withdrawal based on the first six factors. *Ellis*, 470 F.3d at 286 (holding that the government need not establish prejudice "unless and until the defendant advances and establishes a fair and just reason for allowing withdrawal") (citation omitted). We agree. The district court did not abuse its discretion in any of its findings.

**AFFIRMED**.